**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; Retiree Medical Savings Plan; Local 150 I.U.O.E Vacation Savings Plan; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) | CIVIL ACTION |
| Plaintiffs, | ) | CASE NO. |
| v. | ) | |
| Solar Foundations, a New Jersey Limited Liability Company; Jeffrey Fiedler and William Hancock, individually, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF"), Retiree Medical Savings Plan ("RMSP"), and Local 150 I.U.O.E. Vacation Savings Plan (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO, bring this action to collect contributions and dues from Defendants Solar Foundations, LLC ("Solar Foundations"); and Jeffrey Fiedler ("Fiedler") and William Hancock ("Hancock"), individually.

## COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1. International Union of Operating Engineers, Local 150, AFL-CIO (the "Union") is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Solar Foundations is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a limited liability company engaged in the construction industry with its principal office in Egg Harbor Township, New Jersey.

3. In its corporate filings with the State of Illinois, Solar Foundations identified Jeffrey Fiedler as Manager (Exhibit A).

4. On October 3, 2023, Solar Foundations through William Hancock and Jeffrey Fiedler signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Contractors Association of Will and Grundy Counties ("CAWCG") Heavy and Highway and Underground Agreement (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Solar Foundations to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require Solar Foundations to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and

accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting;

(e) Pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified or where the Funds refer the Employer's account to counsel;

(f) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(g) Furnish to the Funds a bond in an amount acceptable to the Funds;

(h) Pay the Funds an audit non-compliance fee of $110 per fund for each business day that requested audit documents are not produced, beginning 21 days from the demand for such documents.

7. The CBA also requires Solar Foundations to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Solar Foundations with respect to CRF as it does the Funds.

8. The CBA further requires Solar Foundations to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Solar Foundations does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9. Solar Foundations has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this

delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

10. In order to forestall the filing of another lawsuit, Solar Foundations, Fiedler, and Hancock executed a Payment Plan Agreement ("Payment Plan") (Exhibit D). In that Payment Plan, Solar Foundations agreed to make installment payments of the delinquent sums that it owed the Funds, the Union, and CRF. Solar Foundations, Fiedler, and Hancock further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Fiedler and Hancock agreed to accept personal liability for any amounts owed by Solar Foundations. Both consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Solar Foundations stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

12. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

13. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where an employer fails to submit contribution reports and contributions timely, ERISA explicitly

authorizes the Funds to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. 29 U.S.C. § 1132 (g).

14. ERISA permits the Funds to seek and the Court to award "such legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132 (g)(2). The entitlement to equitable relief permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due. The entitlement to legal relief permits the Funds to recover auditors' fees and any accrued audit non-compliance fees from uncooperative employers.

15. Solar Foundations has violated ERISA and breached the CBA(s) and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

16. Solar Foundations has violated ERISA and breached the CBA(s) and the Trust Agreements because it has failed to pay auditors' fees and/or audit non-compliance fees.

17. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Solar Foundations, there is a total of $13,274.56 known to be due the Funds from Solar Foundations, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, interest, auditors' fees and/or audit non-compliance fees will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Solar Foundations for all unpaid contributions as identified in Solar Foundations' contribution reports;

B. Enjoin Solar Foundations to perform specifically its obligations to the Funds, including submission of the required reports and contributions due

thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Solar Foundations at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Solar Foundations owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Solar Foundations to pay any contributions reasonably estimated to be due by the Funds for the period when Solar Foundations failed and refused to timely submit contribution reports;

D. Enter judgment against Solar Foundations and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions and any auditors' fees or audit non-compliance fees that are due and owing;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Solar Foundations' cost.

**COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS**

1-10. CRF re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, Solar Foundations consented to the jurisdiction of this court in the Payment Plan.

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

13. Solar Foundations has not submitted all of its contribution reports to CRF. Solar Foundations has failed to make timely payment of all contributions acknowledged to be due according to Solar Foundations' own contribution reports and the collective bargaining

agreement, and Solar Foundations has failed to pay interest and liquidated damages required by the CBA. Accordingly, Solar Foundations is in breach of its obligations to the CRF under the CBA.

14. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Solar Foundations, there is a total of $444.07 known to be due to CRF from Solar Foundations subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Solar Foundations to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Solar Foundations for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Solar Foundations' failure to submit all contribution reports required by the CBA;

C. Enjoin Solar Foundations to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Solar Foundations' cost.

## COUNT III. SUIT TO COLLECT UNION DUES

1-10. The Union re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185. Furthermore, Solar Foundations stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

13. Solar Foundations has not submitted all of its dues reports to the Union. Solar Foundations has failed to make timely payment of all dues acknowledged to be due according to Solar Foundations' own reports and the collective bargaining agreement. Solar Foundations is required to pay liquidated damages by the CBA. Accordingly, Solar Foundations is in breach of its obligations to the Union under the CBA.

14. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Solar Foundations, there is a total of $197.73 known to be due to the Union from Solar Foundations before the assessment of fees and costs subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order Solar Foundations to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against Solar Foundations for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Solar Foundations failed to submit all dues reports required by the CBA;

C. Enjoin Solar Foundations to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at Solar Foundations' cost.

## COUNT IV. SUIT FOR BREACH OF PAYMENT PLAN

1-10. The Funds re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBA. Furthermore, Solar Foundations stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

### Allegations of Violations

13. Solar Foundations has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Solar Foundations has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled and Solar Foundations consented under the Payment Plan to the entry of judgment against Solar Foundations for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan. Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

14. That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Solar Foundations, there is a total of $13,916.36 known to be due the Funds, the Union, and CRF from Solar Foundations, before the assessment of attorneys' fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the

possibility that Solar Foundations owes additional contributions and dues not yet identified by Solar Foundations in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment in favor of the Funds, the Union, and CRF for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBA and Trust Agreements.

## COUNT V. SUIT TO ENFORCE PERSONAL GUARANTEE

1-10. The Funds, the Union and CRF re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdictional district. 29 U.S.C. § 185. This Court also has supplemental jurisdiction over this Count because it is a claim "so related…that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, Fiedler and Hancock stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

12. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue is also proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

### Allegations of Violations

13. Fiedler and Hancock signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Fiedler and Hancock also consented to the entry of judgment against them in the event that Solar Foundations breached the Payment Plan.

14. Solar Foundations has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Solar Foundations has failed to pay liquidated damages and interest that has accrued, including post-judgment interest. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Payment Plan to the entry of judgment against Fiedler and Hancock for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan.

15. That upon careful review of all records, and after application of any and all partial payments made by Solar Foundations, there is a total of $13,916.36 known to be due the Funds, the Union, and CRF from Fiedler and Hancock, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Solar Foundations owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment against Fiedler and Hancock and in favor of the Funds, the Union, and CRF for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: September 16, 2026

Respectfully submitted,

By: /s/Brad H. Russell
One of the Attorneys for Plaintiffs

Attorneys for the Funds and CRF:
Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6663
Fx.: (708) 588-1647

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph.: (708) 579-6663
Fx.: (708) 588-1647